# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 15, 2022

Lyle W. Cayce
Clerk

No. 21-60028
Summary Calendar

SENI OUEDRAOGO,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A216 271 046

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Seni Ouedraogo, a native and citizen of Burkina Faso, petitions for review of the decision by the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We do

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

not consider his arguments challenging the standard of review applied by the BIA and the sufficiency of its reasons, as he did not exhaust those issues in a motion to reconsider. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 359-60 (5th Cir. 2022). Nor do we consider his challenge to the BIA's denial of his motion to remand, which he abandons by failing to adequately brief it. *See* Fed. R. App. P. 28(a)(8); *Rui Yang v. Holder*, 664 F.3d 580, 589 (5th Cir. 2011).

With respect to his claims for asylum and withholding of removal, Ouedraogo challenges the findings by the BIA and immigration judge (IJ) that he failed to show that the Burkinabe government condones or is completely helpless to prevent violence against gay men. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009); *Sanchez-Amador v. Garland*, 30 F.4th 529, 533 & n.3 (5th Cir. 2022). While he contends that the IJ erred by either failing to address or giving insufficient weight to relevant evidence, the IJ was not required to "acknowledge every piece of evidence," *Martinez-Guevara*, 27 F.4th at 362, and we are not permitted to reweigh it, *Mirza v. Garland*, 996 F.3d 747, 753 (5th Cir. 2021).

Even if Ouedraogo is correct that the evidence supports a finding that the Burkinabe government condones or is completely helpless to prevent violence against gay men, the ability to draw such a conclusion from the evidence "is not enough," *Sanchez-Amador*, 30 F.4th at 533, to satisfy the "highly deferential" substantial evidence standard, *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020). The record also contains evidence that supports the IJ's contrary finding, as it reflects that the country's laws did not criminalize sex between gay men or discriminate based on sexual orientation, that the Burkinabe government rejected a 2015 proposal to criminalize homosexual acts and gay marriage, and that there were no reports of governmental or societal violence against LGBTI groups. The IJ's finding was supported further by Ouedraogo's testimony that he did not report the attacks to

authorities because he believed it would be futile. *See Sanchez-Amador*, 30 F.4th at 534. Although he relies on caselaw from other circuits to argue that the BIA erred by failing to weigh the failure to report against his reasons for not reporting the attacks, he gave inconsistent testimony about those reasons.

In sum, the conflicting evidence in the record does not compel a conclusion contrary to the BIA's. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493-94 (5th Cir. 2015); *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018); *Kane v. Holder*, 581 F.3d 231, 236 (5th Cir. 2009). Further, the record reflects that the BIA stated and applied the correct legal standard. Therefore, even if the IJ did misstate the law, as Ouedraogo contends, the error did not impact the BIA's analysis. *See Wang*, 569 F.3d at 536.

Finally, Ouedraogo contends with respect to his claim for relief under the CAT that the BIA failed to consider evidence that a de facto government in Burkina Faso was aware of his torture. His argument does not acknowledge that the evidence was raised for the first time before the BIA or offer any authority suggesting that the BIA was required to consider it. Nor does it acknowledge that the BIA considered the evidence and concluded that it was inadequate to show entitlement to relief under the CAT, in the context of denying his motion to remand. He shows no error.

The petition is DISMISSED in part and DENIED in part.